**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 21 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARVIN DESHAWN CAGE, | No. 18-55724 |
| Petitioner-Appellant, | D.C. No. 5:17-cv-01524-PA-AS |
| v. | |
| WARREN L. MONTGOMERY, Warden, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Argued and Submitted July 10, 2020
Pasadena, California

Before: PAEZ and BADE, Circuit Judges, and GORDON,** District Judge.

Marvin Cage appeals the judgment of the district court dismissing his federal

habeas petition following the court's denial of a stay under *Rhines v. Weber*, 544

U.S. 269 (2005). We have jurisdiction under 28 U.S.C. § 1291. We review for an

abuse of discretion, *Blake v. Baker*, 745 F.3d 977, 980 (9th Cir. 2014), and we

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Andrew P. Gordon, United States District Judge for
the District of Nevada, sitting by designation.

vacate and remand.

1.        Under *Rhines*, "a federal district court has discretion to stay [a] mixed petition to allow the petitioner to present his unexhausted claims to the state court in the first instance, and then to return to federal court for review of his perfected petition." 544 U.S. at 271-72. It is "an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278.

Here, the district court abused its discretion by concluding that Cage failed to establish good cause for a stay. Under our case law, a federal habeas petitioner need only "set forth a reasonable excuse, supported by sufficient evidence, to justify [the] failure" to exhaust. *Blake*, 745 F.3d at 982. As relevant here, the good cause standard is satisfied when a petitioner lacked the effective assistance of counsel during state postconviction review proceedings. *See Dixon v. Baker*, 847 F.3d 714, 720-22 (9th Cir. 2017); *Blake*, 745 F.3d at 982-84. As in *Dixon*, Cage was without counsel during postconviction proceedings. Although Cage did not file a state postconviction review petition—in contrast to the petitioner in *Dixon*—this distinction is immaterial. As we explained in *Dixon*, "[a] petitioner who is without counsel in state postconviction proceedings cannot be expected to

understand the technical requirements of exhaustion and should not be denied the opportunity to exhaust a potentially meritorious claim simply because he lacked counsel." 847 F.3d at 721. Accordingly, Cage demonstrated good cause for failing to exhaust his unexhausted claims, including his claim of ineffective assistance of trial counsel, during state postconviction review proceedings.

The district court did not address whether Cage has satisfied the second and third requirements for a *Rhines* stay. The district court may address these questions on remand.

2. The district court properly concluded that Cage has not established good cause based on lack of access to his trial counsel's legal files.

3. We reject Cage's contention that he is entitled to a stay under *Gonzalez v. Wong*, 667 F.3d 965, 980 (9th Cir. 2011).

**VACATED AND REMANDED.**